Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

JS-6

CASE NO.:   5:18-cv-01113-SJO          DATE: <u>August 9, 2018</u>
      United States Bankruptcy Court,
          6:13-bk-27344-MH
          6:15-ap-01307-MH

TITLE:     In Re Douglas J. Roger, M.D., Inc., APC

===========================================================================

PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

COUNSEL PRESENT FOR PLAINTIFF(S):        COUNSEL PRESENT FOR DEFENDANT(S):

Not Present                              Not Present

===========================================================================

PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW
REFERENCE OF ADVERSARY PROCEEDINGS [Docket No. 1].

This matter is before the Court on Plaintiff Revere Financial Corporation's ("Plaintiff") Motion to
Withdraw Reference of Adversary Proceedings ("Motion"), filed on May 24, 2018.  Defendants OIC
Medical Corporation ("OIC"), Liberty Orthopedic Corporation ("LOC"), and Universal Orthopaedic
Group ("UOG") (collectively, "Defendants") opposed the Motion ("Opposition") on July 2, 2018.
Plaintiff replied ("Reply") on July 9, 2018.  The Court found this matter suitable for disposition
without oral argument and vacated the hearing set for July 23, 2018.  *See* Fed. R. Civ. P. 78(b).
For the following reasons, the Court **DENIES** the Motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed by the parties.  Debtor Douglas J. Roger, M.D., Inc., APC
("DJRI"), a medical corporation that Douglas J. Roger ("Roger") wholly owned and controlled, filed
a chapter seven bankruptcy case, *In re Douglas J. Roger, M.D., Inc., APC*, No. 6:13-bk-27344-MH
(Bankr. C.D. Cal.), on October 20, 2013.  (*See* Mot. 2, ECF No. 1.)  On October 20, 2015, the
chapter seven trustee of the DJRI bankruptcy ("DJRI trustee") filed an adversary proceeding
against OIC, LOC, and UOG, *Cisneros v. OIC Medical Corp.*, No. 6:15-ap-01307 (Bankr. C.D.
Cal.) ("OIC Claims").  (Mot. 1-2.)

Separately, on October 25, 2013, Roger filed his own chapter seven bankruptcy case, *In re
Douglas J. Roger*, No. 6:13-bk-27611-MH (Bankr. C.D. Cal.).  (Mot. 3.)  The state court receiver
filed an adversary proceeding against Roger, *Revere Financial Corp. v. Roger*, No. 6:14-ap-
01248-MH (Bankr. C.D. Cal.), on September 22, 2014 ("Roger Claims").  (Mot. 4.)

On May 14, 2018, Plaintiff, as successor to and in the name of Arturo Cisneros, purchased the
OIC Claims from the DJRI trustee at auction.  (Mot. 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:   5:18-cv-01113-SJO                    DATE: <u>August 9, 2018</u>
    United States Bankruptcy Court,
        6:13-bk-27344-MH
        6:15-ap-01307-MH


II.    <u>DISCUSSION</u>

Plaintiff now moves to withdraw the references to the bankruptcy court of the OIC Claims and the Roger Claims, asserting that:  (1) the bankruptcy court lacks jurisdiction over the OIC Claims; and (2) given the factual and legal issues common to the OIC Claims and the Roger Claims, there exists cause to withdraw the reference of the Roger Claims.  (*See generally* Mot.)

    A.    <u>Legal Standard for Withdrawal</u>

Pursuant to 28 U.S.C. § 157(d), a district court has the authority to withdraw a reference to the bankruptcy court.  *See* 28 U.S.C. § 157(d).  Section 157(d) provides for both permissive and mandatory withdrawal, depending on the circumstances of the action.  *Id.*  "The district court **may withdraw**, in whole or in part, any case or proceeding referred . . . on its own motion or on timely motion of any party, for cause shown."  *Id.* (emphasis added).  The district court **shall withdraw** if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *Id.*  The party seeking withdrawal carries the "burden of persuasion."  *FTC v. First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (citation omitted).  It is within a district court's discretion to grant or deny a motion for permissive withdrawal of reference; that decision will not be disturbed unless the court abuses its discretion.  *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

    B.    <u>Analysis</u>

        1.    <u>Timeliness</u>

"The threshold question in evaluating a motion to withdraw the reference under 28 U.S.C. § 157(d) is whether the motion was made in a timely manner."  *In re GTS 900 F, LLC*, No. CV 10-06693, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (internal quotation marks omitted).  "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding."  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997).  Therefore, a party must move for withdrawal "at the first reasonable opportunity" given "the specific factual context [of the case]" *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (quoting *Stratton v. Vita Bella Grp. Homes, Inc.*, No. F07-0584, 2007 WL 1531860, at *2 (E.D. Cal. May 25, 2007)) (alterations in original).

Although Defendants acknowledge that Plaintiff "may not have had the opportunity to file the within Motion until after May 14, 2018," they maintain that the Motion is untimely because the DJRI trustee filed the OIC Claims on October 20, 2015.  (Opp'n 6, ECF No. 16.)  Defendants assert that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:   5:18-cv-01113-SJO**          **DATE: <u>August 9, 2018</u>**
    **United States Bankruptcy Court,**
      **6:13-bk-27344-MH**
      **6:15-ap-01307-MH**

the years-long gap between the DJRI trustee's filing of the OIC Claims and Plaintiff's Motion renders the latter untimely. (Opp'n 6.) However, the Motion seeks withdrawal on the grounds that the bankruptcy court lost jurisdiction over the OIC Claims as a result of DJRI trustee's sale of the OIC claims from the estate. (Mot. 2-3.) The sale occurred only ten days before Plaintiff filed the instant Motion on May 24, 2018. (Mem. for Mot. 11-12.) Thus, given the specific factual context of the case, the time at which Plaintiff filed its Motion was reasonable and the Motion as it pertains to the OIC Claims was timely. *See In re New Meatco Provisions, LLC*, No. CV 13-06637, 2013 WL 12185777, at *2 (C.D. Cal. Dec. 13, 2013) (finding defendants' motion to withdraw reference timely when it was filed more than one and a half months after complaint).

        2.    <u>The Bankruptcy Court has Jurisdiction Over the OIC Claims</u>

Plaintiff argues that the bankruptcy court lacks jurisdiction over the OIC Claims because the OIC Claims have been sold and are no longer part of the DJRI bankruptcy estate. (Mem. for Mot. 11-12, ECF No. 1-1.) Therefore, Plaintiff asserts, withdrawal of the reference is mandatory. (Mem. for Mot. 11-12.) Defendants contend that the causes of action underlying the OIC Claims are core bankruptcy proceedings, the withdrawal of which from the bankruptcy court would be permissive and, in the present case, improper. (*See generally* Opp'n.) The Court agrees with Defendants.

        a.    <u>Withdrawal is Not Mandatory</u>

Plaintiff cites four cases, only one of which is in the Ninth Circuit, in support of its contention that "a bankruptcy court lacks jurisdiction over property that is sold and is no longer part of the bankruptcy estate." (*See* Mot. 11.) These cases, including *Matter of Federal Shopping Way, Inc.*, 717 F.2d 1264 (9th Cir. 1983), are very clearly distinguishable from the matter at issue. All four of these cases concern the transfer of real property, not the right to recover from claims in an adversary proceeding over which the Bankruptcy Court clearly has jurisdiction. Further, the Ninth Circuit specifically held that "where property is outside of the court's possession and the trustee claims no interest in the property whatsoever, the bankruptcy court is . . . devoid of jurisdiction **to adjudicate conflicting claims of ownership of the property**." *Matter of Fed. Shopping Way*, 717 F.2d at 1272 (emphasis added). The instant case does not concern conflicting claims of ownership over the OIC claims, but rather the resolution of the claims themselves.

Per 28 U.S.C. § 157, bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). Among those types of proceedings that are considered "core" are those that: concern the administration of an estate; determine, avoid, or recover preferences; seek to recover fraudulent conveyances; and otherwise affect the liquidation of the assets of an estate. 28 U.S.C. §§ 157(b)(2)(A), (F), (H), (O).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:  5:18-cv-01113-SJO**          **DATE:** <u>August 9, 2018</u>
   **United States Bankruptcy Court,**
      **6:13-bk-27344-MH**
      **6:15-ap-01307-MH**


The OIC Claims concern the avoidance, recovery, and preservation of preferential, intentional fraudulent, and constructive fraudulent transfers.  (*See generally* Req. for Judicial Notice Ex. 1, Compl. for Avoidance, Recovery, and Preservation of Preferential and Fraudulent Transfers ("OIC Compl."), ECF No. 1-3.)  Accordingly, the OIC Claims arise under 11 U.S.C. §§ 544 (trustee as lien creditor and as successor to certain creditors and purchasers), 547 (preferences), 548 (fraudulent transfers and obligations), 550 (liability of transferee of avoided transfer), and 551 (automatic preservation of avoided transfer), as well as California Civil Code §§ 3439 *et seq.* (short title).  (*See generally* OIC Compl.)  Thus, the OIC Claims are clearly identifiable as core proceedings.  *See* 28 U.S.C. § 157(b)(2).  Because all of the causes of action are core proceedings, they are within the jurisdiction of the bankruptcy court and withdrawal of the reference is not mandatory.[1]

            b.    <u>There is No Cause for Permissive Withdrawal</u>

In determining whether cause for permissive withdrawal exists, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Sec. Farms*, 124 F.3d at 1008.

"[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues."  *In re GTS 900 F, LLC*, 2010 WL 4878839, at *4 (citation omitted).  Given that the bankruptcy court has

_____

[1] Although the Ninth Circuit in *In re Bellingham Insurance Agency, Inc.* held that "fraudulent conveyance claims . . . cannot be adjudicated by non-Article III judges," it also stated that 28 U.S.C. § 157(b)(1) provides "bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts.  Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law."  *In re Bellingham Ins. Agency, Inc.* 702 F.3d 553, 561, 565-66.  Because bankruptcy courts retain the power to hear fraudulent conveyance cases, district courts have regularly denied motions to withdraw references of matters that involve fraudulent conveyances.  *See generally, e.g., In re John Christopher O'Connor UCSB Cent. Dist. of Cal. L.A., 2:14-BK-15018-RN; 2:15-AP-01426-RN*, No. CV 16-01903 SJO, 2016 WL 1718366 (C.D. Cal. Apr. 29, 2016) (denying motion to withdraw reference); *In re EPD Inv. Co. LLC*, No. CV 13-05536 SJO, 2013 WL 5352953 (C.D. Cal Sept. 24, 2013) (same); *Field v. Wells Fargo Bank*, No. 12-510 SOM/BMK, 2012 WL 6651886 (D. Haw. Dec. 20, 2012) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:  5:18-cv-01113-SJO**          **DATE:** <u>August 9, 2018</u>
   **United States Bankruptcy Court,**
        **6:13-bk-27344-MH**
        **6:15-ap-01307-MH**

unique knowledge of title 11, it would be comparatively inefficient to withdraw the reference of the OIC Claims.  *In re Healthcentral.com*, 504 F.3d 775, 787(9th Cir. 2007).

Further, as both parties contend, were the Court to grant the Motion with respect to the OIC Claims but not the Roger Claims the parties would face significantly higher costs litigating similar issues in two forums.  (*See* Mem. for Mot. 18; Opp'n 12.)  Withdrawing the references of both adversary proceedings, however, would render an even less efficient use of judicial resources, as discussed above.  Allowing the adversary proceedings to remain in the bankruptcy court would be most efficient and would avoid creating unnecessary costs to the parties.

Lastly, the OIC Claims seek to avoid, recover, and preserve fraudulent transfers that allegedly harmed DJRI's creditors.  (*See generally* OIC Compl.)  In *In re John Christopher O'Connor*, this Court held that "the uniformity of bankruptcy administration favors denying [a motion to withdraw reference]" where the plaintiff sought to "avoid and recover fraudulent transfers undertaken as party [sic] of a conspiracy to 'defraud the Creditors of the Debtor.'"  *In re John Christopher O'Connor*, 2016 WL 1718366, at *3.  Here too, because the "fraudulent conveyance claims arise under federal bankruptcy law and would not exist absent the bankruptcy proceeding," the Court finds that the interest in the uniformity of bankruptcy administration weighs against finding cause for permissive withdrawal.  *Id.*

Because these three factors weigh against a finding of cause, permissive withdrawal of the reference of the OIC Claims would be improper.

Given that withdrawal is not mandatory and cause for permissive withdrawal does not exist, the Court **DENIES** Plaintiff's Motion as it pertains to the OIC Claims.

3.      <u>The Roger Claims Should Remain in the Bankruptcy Court</u>

Plaintiff argues that both the OIC Claims and the Roger Claims arise out of the same scheme, involve the same main parties, and will require the Court to determine whether Roger acted fraudulently, whether there existed insider relationships, and whether transferees gave "reasonably equivalent value" for multiple transfers.  (Mot. 6.)  Accordingly, Plaintiff intends to conduct discovery on and offer trial testimony from over fifty of the same witnesses in both adversary proceedings.  (Mot. 6.)  Plaintiff thus avers that reference of the Roger Claims should be withdrawn and that the Roger Claims should be litigated in district court with the OIC Claims to conserve resources, reduce the burden on witnesses, and decrease the likelihood of inconsistent results in pre-trial proceedings and at trial.  (Mot. 6-7.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:   5:18-cv-01113-SJO**          **DATE:** <u>August 9, 2018</u>
   **United States Bankruptcy Court,**
      **6:13-bk-27344-MH**
      **6:15-ap-01307-MH**

Because permissive withdrawal of the OIC Claims is inappropriate, Plaintiff's argument in favor of withdrawing the Roger Claims to serve administrative purposes is moot.  For the same reasons discussed with regard to the OIC Claims, permissive withdrawal of the reference of the Roger Claims alone would not promote the interests of efficient use of judicial resources and uniformity of bankruptcy administration, nor would it reduce costs for the parties.  Thus, the Roger Claims too should remain in the bankruptcy court.  The Court therefore **DENIES** Plaintiff's Motion insofar as the Roger Claims are concerned.

III.  <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Withdraw Reference of Adversary Proceedings.

IT IS SO ORDERED.


 cc:  Bankruptcy Court